**IN THE COURT OF APPEALS OF IOWA**

No. 17-1166
Filed September 27, 2017

**IN THE INTEREST OF P.D. and R.D.,**
**Minor Children,**

**S.M., Mother,**
　　　Appellant,

**C.D., Father,**
　　　Appellant.

_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

A mother and father separately appeal the termination of their parental rights.  **AFFIRMED ON BOTH APPEALS.**

Timothy J. Tupper of Tupper Law Firm, Davenport, for appellant mother.

G. Brian Weiler, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

Steven W. Stickle of Stickle Law Firm, P.L.C., Davenport, guardian ad litem for minor children.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.  Tabor, J., takes no part.

**VOGEL, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to their two children. Both parents assert termination is not in the children's best interests. Because neither parent has taken steps to allow the safe return of the children to their care, we conclude grounds for termination of both parents' rights have been established and termination is in the children's best interests. Therefore, we affirm.

## I. Background Facts and Proceedings

R.D., born January 2005, and P.D., born October 2010, came to the attention of the Iowa Department of Human Services (DHS) in April 2016, upon allegations the mother was not properly supervising the children. Specifically, the DHS was concerned the mother was leaving the children with their siblings, who were eighteen and twenty years old, for extended periods of time in filthy living conditions and with inadequate household supplies.

The children were removed from the home and placed in foster care. Both parents were initially receptive to services from the DHS including substance-abuse treatment programs, mental-health evaluations, and parenting classes. On July 26, 2016, the district court adjudicated the children as children in need of assistance and continued their placement in foster care. On March 21, 2017, following a permanency hearing, the district court found the children could not be returned to either parent. The district court determined the mother completed a twenty-one-day inpatient substance abuse program but did not engage in further treatment, and she actually reunited with the individual with whom she was using drugs, specifically methamphetamine. The district court found the father failed to

comply with probation terms upon his release from jail, lost his employment, and did not have stable housing.

On April 5, 2017, the State filed a petition to terminate the mother's and the father's parental rights. The termination hearing was held July 3, 2017. In a July 5 order, the district court terminated the mother's and father's parental rights to P.D. and R.D. pursuant to Iowa Code section 232.116(1)(a), (d), (e), (f) and (i) (2017). The court also terminated the mother's rights pursuant to section 232.116(1)(*l*). The mother and father both appeal.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual findings of the district court, but we are not bound by them. *Id.*

## III. Statutory Grounds for Termination

The mother does not assert the State failed to prove any of the grounds for termination under Iowa Code section 232.116(1). Rather, she claims termination is not in the best interests of the children. The father claims the district court erred in finding "he did not make an effort to comply with the case plan or show an interest in the children" or that there was any "evidence [of] a threat of imminent or probable harm if the children were placed" in his care. Because the father did not challenge any of the statutory grounds under which his rights were terminated, he has waived the district court's findings as to the

statutory grounds under Iowa Code section 232.116(1).[1] *See In re C.B.* 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all-encompassing argument is insufficient to identify error in cases of de novo review." (*citing Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996))).

## IV. Best Interests

In accordance with Iowa Code section 232.116(2), the district court considered "the child[ren]'s safety, . . . the best placement for furthering the long-term nurturing and growth of the child[ren], and . . . the physical, mental, and emotional condition and needs of the child[ren]." At the time of the hearing, the DHS caseworker testified various programs, including parenting classes and substance-abuse treatment, were offered to the mother but the mother had not provided any proof of attendance or completion. The mother asserts she maintains her sobriety by completing strenuous work taking down old barns and selling the wood. The caseworker testified the mother merely "believed that her simply telling [the caseworker] that she was sober and clean was enough." Furthermore, the court noted, the mother chose to reside with her paramour, a known drug user, putting her relationship with her paramour ahead of working to achieve the best interests for her children.

As to the father, the record shows he was arrested on May 27, 2016, and remained incarcerated until January 27, 2017. At the time of the termination hearing, the court noted the father was at risk of violating his probation, did not maintain a fixed residence for the children, and was unemployed. The best

---

[1] Even if the father preserved error with respect to the statutory grounds for termination, we affirm the district court's termination of parental rights pursuant to Iowa Code section 232.116(1)(a), (d), (e), (f), and (i).

interests of the children "requires considering what the future holds for the child[ren] if returned to the parents." *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). We agree with the district court that termination is in the children's best interests as neither parent is able to provide the safety, stability, and physical and emotional support they need.

## V. Bond

Both the mother and father contend termination would be detrimental because they each share a strong bond with the children. *See* Iowa Code § 232.116(3)(c) ("The court need not terminate the relationship between the parent and child if the court finds . . . that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."). The district court concluded R.D.'s bond to the parents was more akin "to that of a child who is acting as the parent in the home and not a child who is being parented by a mother and/or father." Additionally, the court concluded P.D. was young and doing well in the foster home, while R.D. was acclimating better to his current foster home. The DHS worker opined that R.D. has "reached a point where he recognizes that he may not return to his parents and he seems to be doing well." The father was unreliable in his visitation attendance and did not maintain contact with the children, undermining any bond he now claims to have and indicating an indifference to the children's time and company. The mother asserts she maintains contact with her children by phone. However, moving away from her children in order to be with her paramour undermines the mother's claim to have a close bond with the children.

The record does not support either parent's claim that a strong parental bond should preclude termination of their parental rights under section 232.116(3)(c).

## VI. Additional Time.

The mother also asserts she should be given more time to work towards reunification with her children. However, the DHS caseworker testified the mother has not completed her substance-abuse treatment and refuses to comply with random drug testing. When the DHS contacts the mother she does not answer or return phone calls. These actions do not indicate additional time would change the mother's willingness to work towards reunification with the services offered. *See* Iowa Code § 232.104(2)(b) (providing a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period").

## VII. Conclusion

We agree the district court properly terminated both the mother's and the father's parental rights, termination is in the children's best interests, and there are no impediments to termination. We therefore affirm the district court's decision.

**AFFIRMED ON BOTH APPEALS.**